IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA STARK-ROMERO, Individually
and as Personal Representative of the
Estate of FRED P. STARK,

    Plaintiffs,

v.                                                                                                  Civ. No. 09-295 MV/RLP

THE NATIONAL RAILROAD PASSENGER
COMPANY (AMTRAK), *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Compel. Plaintiff served discovery requests on Defendant Amtrak and sought answers and documents concerning facts surrounding the accident at issue; information concerning records kept by Amtrak, and other information concerning accidents, near accidents and operations in the past. Defendant's responses were introduced by primarily irrelevant and conclusory (otherwise known as "boilerplate") objections, or objections that the information sought was protected by regulation, privilege, or immunity. After these objections, Defendant either responded ("without waiver") or did not respond. Plaintiffs were understandably unsure as to whether Defendant was withholding information.

Boilerplate, blanket objections are improper. *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997). If a proper objection is made, the party still has the obligation to answer as much of the interrogatory as it can. A "proper" objection is one that is tailored to the interrogatory, not a conclusory objection such as overbroad or unduly burdensome which neglects to say why the interrogatory is subject to that objection.

Making an objection and then responding to the interrogatory waives the objection. 8A C. A. Wright, A. R. Miller, & R. L. Marcus Federal Practice & Procedure § 2173 (2d ed. 1994). Generally referring to documents where the information may be obtained is improper; the responding party must identify such documents precisely or produce them in lieu of a response. *Starlight Internat'l, Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999).

A party may not assert a blanket objection based on attorney client privilege or work product immunity. As has been the law in this circuit for 25 years, the party so asserting a privilege must prepare a privilege log identifying the documents; the authors; the recipients; the subject matter; and the nature of the privilege claimed. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (the party interposing an objection has the burden of establishing its claim of privilege or protection; a bald-faced assertion is insufficient). Having established the applicable law, the Court will now address the discovery responses.

Interrogatory No. 3 requested the dates and locations of all "near misses" occurring in an area of 10 miles in either direction of the rail crossing at issue from 2001 to present. This interrogatory was objected to as being "unduly burdensome and expensive." Defendants also questioned its relevance and clarity.

The Court finds the interrogatory vague in the sense that there is no such thing as a "near miss." There are "complete" misses and "near" hits and "complete" hits. The Court cannot tell if Plaintiffs want records of actual accidents or close calls, or both.

Plaintiffs are instructed to clarify the Interrogatory and resubmit to Defendant, who shall have five (5) days to respond. Defendant is instructed that if it has an objection, it

must state *why* the interrogatory is unduly burdensome, *what* makes it expensive, and otherwise specify its objections with particularity.

Interrogatory No. 10 requested a description of Defendant's relationships and agreements with any other person, firm or entity with regard to the ownership, maintenance, inspection and repair of the crossing at issue. Defendant objected and then answered, "without waiver," that it only has an agreement with BNSF. Because Defendant waived any objections it had, it must answer the Interrogatory fully as requested or produce the agreement in lieu of an answer within five (5) days of entry of this Order.

Interrogatory No. 22 asked for the Defendant's supervisors risk management, safety, or equivalent department. Defendant inserted boilerplate objections without specificity and is ordered to answer the interrogatory within five (5) days of entry of this Order.

Interrogatory No. 26 asked for a "description" of every lawsuit or legal proceeding involving Defendant for the crossing at issue and within a 10 mile distance in either direction. Defendant inserted its boilerplate objections, and then asserted that the interrogatory exceeded the number allowed by the Joint Status Report and Fed.R.Civ.P. 33. Rule 33(a)(1) limits the number of interrogatories to 25, unless otherwise stipulated or ordered by the Court. The Joint Status Report [Doc.34] does not contain a stipulation to the contrary. Accordingly, the Court finds that Plaintiffs have exceeded the number of interrogatories allowed by Rule 33 and Defendant is not required to answer.

Request for Production No. 10 asked for production of quarterly and annual inspection reports and repair reports from 9/11/2006 to 9/30/2008. Defendant inserted boilerplate objections without specificity and so the documents requested shall be produced within five (5) days of entry of this Order.

Request for Production No. 14 asked for the entire file of all impacts involving a train within five (5) miles in either direction of this crossing. Defendant's boilerplate objections include claims of privilege, immunity, and the assertion that Plaintiffs "are not entitled" to this material. As noted previously, a party may not make a baldfaced claim of privilege. Defendant shall prepare a privilege log for all documents responsive to this RFP and state with particularity the nature of the protection sought. The log shall be produced to Plaintiffs and the Court within 15 days of entry of this Order.

Request for Production No. 20 seeks copies of various incident or accident reports for each claim, notice or incident involving persons injured or killed within three (3) miles in either direction of the crossing at issue for the past 10 years. The same objections were interposed as for RFP No. 14; Defendants then stated, "without waiver," that no such documents existed. Defendants waived any objections they may have had, but if there are no documents responsive to this request the Court cannot order what doesn't exist. In the event Defendant did not produce documents believing that it had stated a valid objection, Defendant is ordered to produce all such documents due to its waiver of any objections within five (5) days of entry of this Order.

Request for Production No. 22 asks for the time records of the crew operating the train for the week prior to 9/11/2008. Defendant again inserted boilerplate objections. Defendant shall produce the documents requested within five (5) days of entry of this Order.

Request for Production No. 24 seeks the dispatch logs for 9/11/2008. Defendant -- after objecting and responding "without waiver" - directs Plaintiff to previously produced documents and identifies them by Bates numbers, which is entirely proper. In the event

Defendant did not produce documents believing that it had stated a valid objection, Defendant is ordered to produce all such documents due to its waiver of any objections within five (5) days of entry of this Order.

Request for Production No. 25 asks for the repair history of the locomotives involved in the accident at issue. After objecting, Defendant pointed Plaintiff to a previously produced document identified by its Bates number, which is entirely proper. In the event Defendant did not produce documents believing that it had stated a valid objection, Defendant is ordered to produce all such documents due to its waiver of any objections within five (5) days of entry of this Order.

Request for Production No. 27 wants Defendant's investigative file for the incident at issue. Defendant's boilerplate objections include claims of privilege, immunity, and the assertion that Plaintiffs "are not entitled" to this material. As noted previously, a party may not make a baldfaced claim of privilege. Defendant then asserts, "without waiver," that it has no documents responsive to this request. Plaintiff seems to indicate otherwise.

Defendant shall review this request again and, if it finds information responsive to RFP 27, Defendant shall prepare a privilege log for all documents responsive to this RFP and state with particularity the nature of the protection sought. The log shall be produced to Plaintiffs and the Court within 15 days of entry of this Order.

Request for Production No. 29 asks for all investigative reports, accident reports, statements by witnesses (oral or recorded) concerning the accident at issue. After all of its boilerplate objections, including claims of privilege and immunity, Defendant points Plaintiff to some previously produced documents by their Bates numbers. It is unclear, however, if Defendant is withholding some other documents under its claim of privilege.

If Defendant has not produced documents responsive to this RFP due to a claim of privilege or immunity, Defendant shall prepare a privilege log for all documents responsive to this RFP and state with particularity the nature of the protection sought.  The log shall be produced to Plaintiffs and the Court within 15 days of entry of this Order.

Request for Production No. 33 seeks any "slow orders" in effect for the track in the crossing area at issue.  Defendant objected and then pointed Plaintiff to its response to RFP 8.  From the documents submitted, the Court cannot tell whether RFP 8 identified the relevant documents or the Defendant made an unsubstantiated claim of privilege.  If the latter is the case, Defendant shall prepare a privilege log for all documents responsive to this RFP and state with particularity the nature of the protection sought.  The log shall be produced to Plaintiffs and the Court within 15 days of entry of this Order.

Request for Production No. 34 asks for messages, bulletins or train orders pertaining to track conditions for the crossing at issue on 9/11/2008.  Defendant objected and then pointed Plaintiff to documents produced in response to RFP 8.  From the documents submitted, the Court cannot tell whether RFP 8 identified the relevant documents or the Defendant made an unsubstantiated claim of privilege.  If the latter is the case, Defendant shall prepare a privilege log for all documents responsive to this RFP and state with particularity the nature of the protection sought.  The log shall be produced to Plaintiffs and the Court within five15 days of entry of this Order.

Request for Production No. 41 asks for any and all agreements between Amtrak and BNSF regarding track and usage rights in effect on 9/11/2008.  Defendant stated no valid objection and the documents responsive to this request shall be produced within five (5) days of entry of this Order.

<u>Request for Production No. 42</u> sought production of paperwork entitled "Malfunction or Miscellaneous Problems Form." Defendant's boilerplate objections are not valid and the documents responsive to this request shall be produced within five (5) days of entry of this Order.

The Court wants to make absolutely clear to Defendant that any document it has not produced that is responsive to any RFP in the belief that Defendant's boilerplate objections were valid, those documents shall be produced within five (5) days of entry of this Order. The only exceptions are those documents for which the Court has ordered Defendant to submit a privilege log as stated herein.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 44] is granted in part and denied in part as stated herein.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge