IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA STARK-ROMERO, Individually
and as Personal Representative of the
Estate of Fred P. Stark,

    Plaintiffs,

v.                                                                             Civ. No. 09-295 MV/RLP

THE NATIONAL RAILROAD PASSENGER
COMPANY (AMTRAK), *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

Before the court is Amtrak's Privilege Log, which the Court ordered in its previous Memorandum Opinion and Order. [Doc. 52] due to Amtrak's improper blanket assertion of privilege or immunity to certain discovery requests.

The party seeking to invoke attorney-client privilege or work product immunity has the burden of proving that the items sought are not discoverable. *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D. Kan. 2000) (citing *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984)). Attorney client privilege extends to confidential communications between a client and her lawyer or her lawyer's representative. N.M.R. Evid. 11-503(B)(1) & (2). The privilege protects confidential communications, not facts. *State v. Steinkraus*, 417 P.2d 431, 432 (N.M. 1966).

There are two types of work product: "fact" (or "ordinary") and "opinion." *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 704 n.12 (10th Cir. 1998). The former includes documents prepared in anticipation of litigation; the latter contains the mental impressions of an attorney. *Id*. The substantial need/undue burden test set forth

in Fed.R.Civ.P. 26(b)(3) applies only to fact work product. *Id.* In general, the mental impressions of an attorney are never discoverable, absent waiver. *Id.* Work product protection only covers documents and tangible items; the facts contained in the documents are not immune from discovery by other means. Fed.R.Civ.P. 26(b)(3).

Of the forty-one items listed, I find that only three[1] may possibly be privileged or immune: (1) the letter of September 11, 2008 from Earl DeBrine, Jr. to various individuals in response to RFP 27; (2) a document authored by Philip Fisher on September 16, 2008 in response to RFP 9, 14, 18, 27, 29, and 35; and (3) an e-mail from Steve Leach to various individuals on September 11, 2008 in response to RFP 9, 13, 27, and 35.

The privilege log submitted is inadequate to tell if the foregoing three documents are properly withheld. Amtrak shall have five (5) days from entry of this Order to submit a more thorough log; *i.e.*, if a lawyer wrote the letter, identify the recipients and why Amtrak believes the document is privileged or immune.

With regard to every other item, there is no apparent reason any of those items should be withheld on a claim of privilege or immunity and therefore Amtrak has failed to meet its burden that the documents are not discoverable.

IT IS THEREFORE ORDERED that Amtrak shall have five (5) days from entry of this Order to submit a privilege log for the items designated above; and

---

[1] On the August 2009 Log, there are five items which possibly could have been privileged: the first and second item listed, the fifth item, and the eighth and ninth. On the October 2009 Log, the first, second and fifth were repeated, but not the eighth and ninth. If the eighth and ninth items are being withheld, then those items should be listed in the expanded privilege log requested by the Court herein.

IT IS FURTHER ORDERED that Amtrak shall have 10 days from entry of this Order to produce the other documents to Plaintiff.

IT IS SO ORDERED.

_____
Richard L. Puglisi
United States Magistrate Judge