IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA STARK-ROMERO, Individually
and as Personal Representative of the
Estate of FRED P. STARK,

    Plaintiffs,

v.                                                                                    Civ. No. 09-295 MV/RLP

THE NATIONAL RAILROAD PASSENGER
COMPANY (AMTRAK), *et al.*,

    Defendants.

ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on Defendant National Railroad Passenger Company's (Amtrak) Motion for Reconsideration. The Motion is denied.

Briefly stated, Plaintiffs served Amtrak with requests for production of documents. Some of the requests were objected to with the conclusory assertions of "attorney client privilege" and "work product immunity." Amtrak did not provide Plaintiffs with a privilege log in response to the discovery requests as they are required to do. *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir. 1984); *Sonnino v. University of Kansas*, 221 F.R.D. 661, 668-669 (D. Kan. 2004). When Plaintiffs filed their Motion to Compel, Amtrak still did not provide a privilege log and did so only when ordered to do so by the Court, *see* Doc. 52.

The privilege log submitted was inadequate. For example, individuals were listed by name only and the Court has no idea whether who most of these individuals are. Second, many of the documents withheld were on Amtrak forms or information in the public domain. Although claimed to have been "prepared in anticipation of litigation," documents

which are also prepared in the ordinary course of business are not subject to work product protection. *See Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495-96 (N.D. Okla. 2000). Amtrak delivered the documents to the Court for *in camera* inspection. Nothing in the Court's review of the documents in question changes the Court's original opinion that these documents are not immune from discovery. Amtrak has failed to carry its burden of proof. *Peat, Marwick*, *supra*.

Except for two documents, which were not delivered to the Court but on their face are covered by the attorney client privilege,[1] all other documents shall be produced to Plaintiffs within ten (10) days of entry of this order.

IT IS THEREFORE ORDERED that Amtrak's Motion for Reconsideration [Doc. 59] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge

---

[1] (1) letter from Earl DeBrine, Jr. dated September 11, 2008; and (2) document prepared by Philip Fisher to Tim Fields.