IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICTORIA STARK-ROMERO, Individually
and as Personal Representative of the Estate
of FRED P. STARK,

                                                    No: CIV-09-295 MV/RLP

      Plaintiffs,

v.

THE NATIONAL RAILROAD
PASSENGER COMPANY (AMTRAK),
BURLINGTON NORTHERN SANTA FE
RAILWAY COMPANY (BNSF), CITY OF
LAS VEGAS, SAN MIGUEL COUNTY and
NEW MEXICO DEPARTMENT OF
TRANSPORTATION, and RIDE TO PRIDE
AT THE BARN, L.L.C.,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand, filed April 20,

2009 (Doc. 14).  The Court has reviewed the motions, the memorandum and exhibits submitted

by the parties, and the relevant authorities.  The Court concludes that the motion to remand must

be granted.

I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an accident at a railroad crossing, involving an automobile and a

train, which is alleged to have occurred on or about September 11, 2008, and resulted in the

beheading and death of Plaintiff's father.  Plaintiff filed this claim on February 12, 2009

individually and on behalf of decedent's estate.  Since this case is brought against several state

and local government entities, it falls at least in part under the New Mexico Tort Claims Act. *See* N.M. Stat. Ann. § 41-4 (2009).

This case was originally brought in state court. Defendants National Railroad Corporation, d/b/a Amtrak ("Amtrak") and Burlington North Santa Fe Railroad Company ("BNSF") were served on March 16, 2009. Return of Service for these two defendants was entered on March 17, 2009. Defendants New Mexico Department of Transportation, The City of Las Vegas and San Miguel County were served on March 23, 2009. Return of Service for these three defendants was entered on March 26, 2009. Ride to Pride was served on April 6, 2009. Return of Service for Ride to Pride was entered on April 9, 2009.

On March 26, 2009, defendants Amtrak and BNSF filed a Notice of Removal ("Notice") in which they stipulated that all defendants which had been properly served at that point joined in the removal. *See* Doc. 1, ¶13. The Notice, as filed, bore the signatures of counsel for Defendants Amtrak and BNSF, the New Mexico Department of Transportation, and the City of Las Vegas. Defendants Ride to Pride and San Miguel County were not signatories at the time of the filing. Plaintiff filed a Motion to Remand on April 20, 2009. In an Affidavit filed as an attachment to Defendants Amtrak and BNSF's Response to Plaintiff's Motion to Remand ("Response"), filed May 7, 2009, Defendant San Miguel County informed this Court of its consent to removal. On May 21, 2009, Plaintiff filed a Reply to Defendants' Responses to Plaintiff's Motion to Remand ("Reply"). Ride to Pride subsequently filed a consent to removal with this Court on June 2, 2009.

At issue before us is whether this case should be remanded back to state court. Plaintiff argues that Defendants' Notice of Removal is procedurally invalid because it did not contain the

signatures of all defendants on the day it was filed.  Defendants Amtrak and BNSF argue that

they were duly diligent in obtaining the consent of all parties that they knew to have been

properly served, and therefore removal must not fail for lack of consent.

Defendants Amtrak and BNSF argue that removal is proper under 28 U.S.C. § § 1331,

1349, 1441 and 1442.  Plaintiff's complaint alleges common law claims of negligence and

wrongful death.  However, defendant Amtrak argues that jurisdiction in federal court is proper

under 28 U.S.C. § 1442 because Amtrak was originally created by federal statute and is over

50% owned by the United States government.  Defendants Amtrak and BNSF also argue that

because any claims made by the Plaintiff must rest on the Federal Railroad Safety Act

("FRSA"), which regulates railroad safety, a federal question "arises" under 28 U.S.C. § 1331,

and jurisdiction over this case is either optional or is completely preempted by federal courts.

## II.  SOVEREIGN IMMUNITY, LIMITED FEDERAL COURT JURISDICTION AND MOTIONS TO REMAND

### A. Eleventh Amendment

This Court has previously ruled that it does not have jurisdiction over claims against state

or local government entities that are brought under the New Mexico Torts Claims Act

("NMTCA" or "TCA").  Therefore, in cases where both a substantial federal question and an

NMTCA claim exists, this Court has had to consider the issue of whether to split the case

between state and federal courts:

> The Eleventh Amendment bars suits in federal court for damages against
> states, state agencies or departments, or against state officials in their
> official capacity, *unless a state unequivocally waives the states' sovereign
> immunity* in creating a federal statutory cause of action . . . although New
> Mexico has waived its immunity from suit in its own state courts for
> certain actions of law enforcement officers under the TCA, New Mexico
> has not waived its Eleventh [Amendment] immunity from suit in federal

court . . . this Court therefore lacks jurisdiction to hear Plaintiff's state law claims against the [state governmental entities] under the Eleventh Amendment.

(*emphasis added*).  *Archuleta v. Lacuesta*, 1996 U.S. Dist. LEXIS 21751, No. 6:95-CV-1274 at *2-3 (N.M. 1996).

In the present case, however, all defendants have waived immunity by consenting to removal.  The Supreme Court of the United States has held that a state's consent to removal is a waiver of its sovereign immunity rights under the Eleventh Amendment.  *See Lapides v. Board of Regents of the University System of Georgia, et. al.*, 535 U.S. 613, 616, 122 S. Ct. 1640, 1641, 152 L. Ed. 2d 806, 811 (2002); *citing Clark v. Barnard*, 108 U.S. 436, 447, 27 L. Ed. 780, 2 S. Ct. 878 (1883); *Gardner v. New Jersey*, 329 U. S. 565, 574, 91 L. Ed. 504, 67 S. Ct. 467 (1947); *Gunter v. Atlantic Coast Line R. Co.*, 200 U. S. 273, 284, 50 L. Ed. 477, 26 S. Ct. 252 (1906).

Therefore, in the current case the Eleventh Amendment does not preclude this Court from reviewing the Plaintiff's claims under the NMTCA, as all defendants have waived their Eleventh Amendment rights to sovereign immunity by consenting to removal.  However, we decline to exercise jurisdiction for reasons stated below.

B.  Limited Jurisdiction of Federal Courts

Federal courts are courts of limited jurisdiction, therefore the law imposes a presumption against federal jurisdiction,[1] and "requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear on the record." *Colbert v. Union Pacific Railroad Co.,*

---

[1]  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *cited by Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997); *also cited by Martinez v. Martinez*, 62 Fed. Appx. 309, 313 (10th Cir. 2003); *see also Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).

*et. al.*, 485 F. Supp. 2d 1236, 2007 U.S. Dist. LEXIS 32715 at *4-5 (D. Kan. 2007); *citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 174, 133 L. Ed. 2d 114 (1995) ("Subject-matter jurisdiction, then . . . functions as a restriction on federal power.")  As we have previously stated, "[f]ederal removal jurisdiction is statutory in nature and is to be strictly construed.  Doubtful cases must be resolved in favor of remand." *Archuleta* at *4; *citing Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *see also Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction" (*citations omitted*)).

In addition, as we noted in *Archuleta*, where this Court has jurisdiction over part of a claim it may hear the case only as pertains to those issues, while remanding other issues to state court.  However, as in *Archuleta*, the Court is persuaded that legal, equitable and practical considerations mandate remanding this case in its entirety.  *Archuleta* at *4.  Further, we agree with "other courts in the District of New Mexico which have concluded that the federal removal statute does not countenance piecemeal removal of particular claims, and that 'civil action' under the removal statutes refers to the entire case filed in state court."  *Archuleta* at *5; *citing* 28 U.S.C. § 1441(a) (1996); *also citing Flores v. Long*, Civ. 94-731 LH/LFG, slip op. (D.N.M. 1995); *also citing Atwa v. State of New Mexico Highway Department, et al.*, Civ. 95-948 JC/DJS, slip op. (D.N.M. 1995); *Fay et al. v. Davis et al.*, Civ. 95-949 JP/WWD, slip op. (D.N.M. 1995); *Jackson v. Central New Mexico Correctional Facility, et al.*, Civ. 93-1384 PJK/MV/DJS, slip op. (D.N.M. 1996).  As we stated in *Archuleta*, "the Court finds that remanding this case in its entirety to state court will limit the potential for contradictory results, promote the efficient use of judicial resources, uphold principles of federal abstention, and

narrow potential res judicata problems." at *8.

In addition, a Plaintiff's choice of forums should be given deference - unless there is a compelling reason to grant removal, the presumption should be against removal. *See Archuleta* at *7; *see also William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972); *see also Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Courts should interpret the removal statute  narrowly and presume that the plaintiff may choose his or her forum").

## III.  BURDEN OF DEMONSTRATING REMOVAL IS APPROPRIATE

It is well established that the burden of showing that removal is proper procedurally and substantively lies with the defendant claiming removal. *See Grzetich v. VLI Corp.*, 670 F. Supp. 793, 794 (N.D. Ill. 1987); *citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 66 L. Ed. 144, 42 S. Ct. 35 (1921) (the burden of showing that removal was proper is always on the removing party); *see also McShares, Inc. v. Barry*, 1338, 1342 (D. Kan. 1997) ("The removing party has the burden to show that removal was properly accomplished." (*citations omitted*)).

Further, removal statutes are to be strictly construed, and any ambiguities or doubt as to fulfillment of those requirements should lead to remand. *See Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982); *see also Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).  *See also Roybal v. City of Albuquerque*, 2008 U.S. Dist. LEXIS 108749 at *5-*6 (D.N.M. 2008) ("All doubts whether the statute's requirements have been met are resolved against removal");  *see also Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.), *cert. denied* 355 U.S. 907, 78 S. Ct. 334, 2 L. Ed. 2d 262 (1957); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets*,

313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941) ("Removal statutes are to be strictly construed").

In addition, the burden of asserting a claim of subject matter jurisdiction is also on the party seeking removal. *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). The Tenth Circuit has held that, to support removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be 'disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Madsen v. Prudential Federal Savings & Loan Ass'n.*, 635 F.2d 797, 800 (10th Cir. 1980) (*citing Gully v. First National Bank*, 299 U.S. 109, 113, 57 S. Ct. 96, 81 L. Ed. 70 (1936)). The United States Court of Appeals for the Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." *Okla. Farm Bureau Mutual Ins. Co. v. JSSJ Corp.*, 149 F. Appx. 775, 778 (10th Cir. 2005); *citing Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *quoted by Bonadeo v. Lujan*, 2009 U.S. Dist. LEXIS 45672 at *20 (D. N.M. Apr. 30, 2009).

IV. MOTIONS TO REMOVE - PROCEDURAL ISSUE OF CONSENT

Plaintiff's sole objection to Defendants' Notice of Removal is a technical argument that the Notice, when filed, did not contain the signatures of all defendants in this case, and since all served defendants were not joined in removal it therefore fails procedurally as a matter of law.

28 U.S.C. 1446, which  governs removal procedures states in relevant part:

> (b) The notice of removal of a civil action or proceeding shall be
> filed within thirty days after the receipt by the defendant, through

> service or otherwise, of a copy of the initial pleading . . . or within
> thirty days after the service of summons upon the defendant if such
> initial pleading has then been filed in court and is not required to
> be served on the defendant, whichever period is shorter.

As Plaintiff has pointed out in her Reply, it is well established by caselaw that all defendants that have been served must join in removal. *See* Doc. 28 at ¶ 5. *See Harlow Aircraft Mfg. v. Dayton Mach. Tool Co.*, 2005 U.S. Dist. LEXIS 10180 at *6 (D. Kan. 2005); *citing McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997). Generally, "[f]ailure to follow the unanimity rule renders the petition procedurally defective and justifies remand to state court." *Harlow* at *6; *citing McShares* at *6. However, where a defendant has not been served he need not join in or consent to removal. *Harlow* at *6; *citing Cramer v. Devera Management Corp.*, 2004 U.S. Dist. LEXIS 9600 at *2 (D. Kan. 2004).

The term 'join' requires a support in writing - although it is not necessary that all defendants sign the same notice of removal, they must all file in writing an intent to join the removal within the thirty day period prescribed in 28 U.S.C. § 1446 - an assertion by one or more defendants that all other defendants join in the removal is not sufficient. *See McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997) (*citations omitted*).

Several jurisdictions have held that where the removing defendant has been reasonably diligent in attempting to ascertain the identity of all parties served, and has obtained written consent of all parties whom it knew or ought to have known were served, a notice of removal will be found to be procedurally sufficient. *Harlow* at *7-*8; *citing Milstead Supply Co. v. Casualty Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992); *also citing Laurie v. National Railroad Passenger Corporation*, 2001 WL 34377958 (E.D. Pa. March 13, 2001).

However, jurisdictions have been divided over what constitutes reasonable due diligence

in ascertaining which parties have been served for the purpose of obtaining consent.  Several

jurisdictions have held that checking the docket and phoning the clerk were sufficient due

diligence.  *See Milstead Supply Co. v. Casualty Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex.

1992); *see also Laurie v. National Railroad Passenger Corporation*, 2001 WL 34377958 (E.D.

Pa. March 13, 2001).  Others have held that where the party removing did not attempt to contact

other defendants (by phone, email, etc.), but instead relied only on the docket and/or the clerk,

diligence was not sufficient for purposes of the consent requirement.  *See Pianovski v. Laurel

Motors, Inc.,* 924 F. Supp. 86 (N.D. Ill. 1996); *see also Keys v. Konrath*, 1994 U.S. Dist. LEXIS

2814, 1994 WL 75037 (N.D. Ill. March 10, 1994); *see also Harlow* at *7-11.

        In the case before us, Defendants Amtrak and BNSF have acknowledged that San Miguel

County did not sign the Notice of Removal filed on March 26, 2009.  Doc. 18, pp. 2-5.

However, Defendants Amtrak and BNSF argue that they were reasonably diligent in attempting

to ascertain whether San Miguel County had been served.  According to an affidavit from

Defendants Amtrak and BNSF's attorneys, throughout the day that they filed the Notice of

Removal (March 26, 2009) they were in contact with all defendants, except for Ride To Pride, by

email and phone to see if they had been served.  *See Def.'s Ex. A* (Doc. 18).  Amtrak and BNSF's

attorneys also state that they contacted the Clerk of Court at 4:40 p.m. on March 26, 2009 and

were told that San Miguel County had not been served, to the best of the Clerk's knowledge.

The docket indicates that proof of service for San Miguel County was entered on March 26,

2009, but we do not know at what time.  San Miguel County has since indicated its consent to

removal.  *See Def.'s Ex. B* (Doc. 18).  Therefore, Amtrak and BNSF argue that they were

sufficiently diligent in obtaining consent and their Notice of Removal is procedurally valid.

Plaintiff argues that the Notice of Removal was not signed by San Miguel County, and that San Miguel County did not file its consent within the 30 day period required; therefore, Plaintiff argues, the Notice of Removal is procedurally invalid. *See* Doc. 14 at ¶¶ 3-5.

This Court might have been convinced that Defendants Amtrak and BNSF were duly diligent in their attempts to join all defendants in the Notice of removal, except for two stumbling blocks. Firstly, even if we accept the assertions of repeated contact on March 26, 2009 between Defendants Amtrak and BNSF, on the one hand, and Defendant San Miguel County, on the other, the fact remains that Defendant San Miguel County's consent to removal was not filed until 41 days after the first defendant (and San Miguel County itself) was served.

In fact, this Court did not receive notice of San Miguel County's consent to removal until May 7, 2009, when it was filed as an attachment to Amtrak and BNSF's Response to Plaintiff's Motion to Remand (Doc. 18). Presumably, Defendant San Miguel County had ample notice of the removal from both the docket and from its personal contact with Defendants Amtrak and BNSF. Therefore, the failure to file consent within the statutorily prescribed 30 days is inexplicable. Secondly, given that the unanimity of consent was at issue, this Court would expect to see an assertion by Defendants Amtrak and BNSF that they had similarly attempted to contact Defendant Ride to Pride to ascertain whether it had been served, had this been the case. We are persuaded by the same logic as *Harlow* that "[e]xtending the clearly defined time limits set out in federal law would obscure party expectations and render regulating the court's docket unmanageable." *Harlow* at *12-*13. Thus, this case should be remanded because it is procedurally insufficient. However, even if this Court was not persuaded to remand on the basis of this procedural error, removal is improper on the basis of several other substantive issues, as

discussed below.

## V.  FEDERAL JURISDICTION - SUBJECT MATTER JURISDICTION

28 U.S.C. § 1441 sets out general conditions under which an action *may*

be removed to federal court:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, *may* be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, *or, in its discretion, may remand* all matters in which State law predominates.

(*emphasis added*) 28 USCS § 1441.

A district court's federal-question jurisdiction, we recently explained, extends over "only

those cases in which a well-pleaded complaint establishes either that federal law creates the

cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

substantial question  of federal law," *Franchise Tax Board of California v. Construction

Laborers Vacation Trust*, 463 U.S. 1, 27-28, 77 L. Ed. 2d 420, 442, 103 S. Ct. 2841, 2855

(1983).

A.  WHERE FEDERAL QUESTION IS NOT STIPULATED IN THE COMPLAINT
    BUT NONETHELESS "ARISES" UNDER § 1331

Defendant Amtrak asserts that jurisdiction over this case is conferred on federal courts under § 1331, and therefore this action is removable under § 1442.  28 U.S.C. § 1331 states "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Defendants Amtrak and BNSF state that the Plaintiff's claims may "potentially" be based on federal laws.  Defendants Amtrak and BNSF cite two cases which do not support this argument.  One of these was *Grable & Sons*, which found that a state law claim which necessarily raises a federal issue, *stated on the complaint*, that is actually disputed *and substantial* will support removal.  545 U.S. 308, *313; 125 S. Ct. 2363, **2368; 162 L. Ed. 2d 257, ***265 (2005) (*emphasis added*).

To raise a federal question, a well-pleaded complaint must specifically say that a federal question exists (*see* discussion of the well-pleaded complaint rule, *supra*), or if not, federal court jurisdiction may still be appropriate *if* the plaintiff's right to relief must *necessarily depend* on the resolution of a *substantial* question of federal law.  *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, *80-8, 108 S. Ct. 2166, **2173-74, 100 L. Ed. 2d 811, **825 (1988).  *See also Vaden v. Discover Bank*, 129 S. Ct. 1262, *1272, 173 L. Ed. 2d 206, **219, 2009 U.S. LEXIS 1781, ***22  (2009)*; quoting Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908)).

1.  Subject matter jurisdiction for corporations created by U.S. statute -
    28 U.S.C. § 1349

Defendants Amtrak and BNSF also argue that this Court has subject matter jurisdiction under 28 U.S.C. § 1349 because Defendant Amtrak was created by an act of Congress and

because it is currently more than 50% owned by the United States.  Notice at ¶ 5. This is a

misreading of § 1349, which serves to limit and explain jurisdiction under § 1331.  28 U.S.C. §

1349 reads: "The district courts shall *not* have jurisdiction of any civil action by or against any

corporation upon the grounds that it was incorporated by or under an Act of Congress, *unless* the

United States is the owner of more than one-half of its capital stock."  28 U.S.C. § 1349

(*emphasis added*).  In keeping with the plain language of this statute, federal courts have

interpreted this provision as a *limitation* on jurisdiction rather than grant of jurisdiction.  *See*

*Central Nat'l Bank v. Reconstruction Finance Corp.*, 134 F. Supp. 873, 875 (D. Ill. 1955); *citing*

*Fields v. Community Federal Savings & Loan Asso.*, 37 F. Supp. 367 (D. Mo. 1941).

Defendants Amtrak and BNSF have stated that they meet this threshold test, since more

than 50% of their stock is owned by the U.S. Government.  However, meeting the threshold test

does not necessarily mean that this Court should or must exercise subject matter jurisdiction.  As

discussed below, even if we accept this as a basis for federal subject matter jurisdiction, most of

the claims in Plaintiff's complaint are based on common law issues; under 28 U.S.C. § 1441(c),

where at least some of the claims presented fall under § 1331 or § 1332 and are substantial in

nature, a federal court *may* (but is not required to) exercise jurisdiction over all claims.  As stated

in *Grable*, the raising of a 'federal issue' is not "a password opening federal courts to any state

action embracing a point of federal law. Instead, the question is, does a state-law claim

necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum

may entertain without disturbing any congressionally approved balance of federal and state

judicial responsibilities."  545 U.S. 308, *313; 125 S. Ct. 2363, **2368; 162 L. Ed. 2d 257,

***265 (2005).  It is only required that a federal court retain jurisdiction over both state and

federal claims in a case where an area of federal law *completely preempts* state law.  See

discussion, below.

Further, courts in this district have previously ruled against Amtrak on this very issue.  In

*Salem v. National R. Passenger Corp.*, the court found that Amtrak had not established that

federal jurisdiction was proper over both defendants, even though it might have been exercised

over the claim against Amtrak had it been presented individually; *see Salem v. National R.*

*Passenger Corp.*, 1989 U.S. Dist. LEXIS 2047 at *4-*6 (D. Kan. 1989); *citing Grzetich v. VLI*

*Corp.*, 670 F. Supp. 793, 794 (N.D. Ill. 1987); *See also P.P. Farmers' Elevator Co. v. Farmers*

*Elevator Mutual Insurance Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968); *See also Aguiar v. Evans*,

607 F. Supp. 1418, 1420 (D. Va. 1985).

2. Removal where a U.S. agency is being sued - the arising of a federal question under
   28 U.S.C. §1442(A)(1)

28 U.S.C. § 1442, which Defendant Amtrak also asserts may apply,[2] states that a civil

action commenced in a state court against The United States or any agency thereof or any officer

(or any person acting under that officer), which/who is sued for any act under color of such

office may be removed to federal court:

> § 1442.  Federal officers or agencies sued or prosecuted
>
> (a) A civil action or criminal prosecution commenced in a
> State court against any of the following may be removed by
> them to the district court of the United States for the district
> and division embracing the place wherein it is pending:
>   (1) The United States or any agency thereof or any officer
> (or any person acting under that officer) of the United States
> or of any agency thereof, sued in an official or individual
> capacity for any act under color of such office or on account

---

[2] Doc. 1, p. 1 and ¶ 13.

> of any right, title or authority claimed under any Act of
> Congress for the apprehension or punishment of criminals or
> the collection of the revenue.

Defendants Amtrak and BNSF cite several cases where federal courts have held that they had subject matter jurisdiction over Amtrak.  However, none of the cases cited stand for the proposition that any case involving Amtrak must be removed to federal court.[3]

    B.  Even if a claim is determined to "arise under" § 1331, it must meet the 'substantial federal question test' in order for a federal court to exercise jurisdiction through removal.

Even if Defendant Amtrak is correct that federal jurisdiction arises under § 1331 by virtue of § 1349, federal courts still do not necessarily have jurisdiction in the absence of a federal question raised directly in the complaint, federal court jurisdiction may still be appropriate, but only if the plaintiff's right to relief must *necessarily depend* on the resolution of a *substantial* question of federal law:

> Whatever test a court ultimately employs to determine whether a
> suit "arises under" federal law for purposes of the federal question
> statute, it is universally accepted that the issue of federal law must
> be "substantial."

15-103 Moore's Federal Practice - Civil § 103.33, vol. 15, Chap. 3.

Although Plaintiff's complaint very clearly does not name any federal causes of action, Defendant Amtrak argues that because it was created by congressional statute and is more than

---

[3] For example, to support their argument that this Court must exercise jurisdiction over this case because Amtrak is a federal agency, Defendants Amtrak and BNSF cite *Chiwewe v. Burlington Northern & Santa Fe Ry. Co.*, 239 F. Supp. 2d 1213 (D.N.M. 2002).  This reference is misapplied.  *Chiwewe* was primarily concerned with the jurisdictional power of a Native Amercian Indian court over a parallel claim that had been brought in U.S. district court.  In *Chiwewe* non-indian defendants were contesting the jurisdiction of the tribal court, an entirely different situation from the one before us now, over dispute regarding a right of way.  *See Winer v. Penny Enters.*, 2004 ND 21, P19 (N.D. 2004) *distinguishing Chiwewe*.

50% owned by the United States, it meets the minimum jurisdiction test of § 1349 and therefore

the claim "arises" under § 1331.  Assuming that this is true, jurisdiction still fails because

Defendant Amtrak has failed to successfully argue that the controversy at hand deals with a

substantial question of federal law.

Defendant also cites *Nicodemus v. Union Pacific Corporation*, in which the Plaintiff

claimed damages resulting from the Defendant railroad's unilateral and unauthorized expansion

of easement rights granted to them under a federal land grant statute.  *Nicodemus* is

distinguishable from the current case.  In *Nicodemus*, plaintiffs had to establish that the federal

land grants in question prohibited the method of usage by defendants of right-of-ways

established by the federal statutes.  Because plaintiffs had to establish that the right-of-ways

prohibited the use to which they were put, the court found that the federal issue arose in

plaintiffs' case-in-chief, not by way of defense.   Further, construction of the federal land grants

was the only legal or factual issue contested in the case.  In the current case Plaintiff is not

contesting an action by defendants which allegedly exceeds authority granted under and arising

wholly out of a federal statute.  Plaintiff has instead alleged common law claims of negligence,

wrongful death, infliction of emotional distress, and loss of consortium.  Further, this case is rife

with legal and factual issues that are not related to federal statutes.

The arising of a claim due to a substantial question of law, where a federal claim was not

specified in the complaint (as we have here), has been interpreted very narrowly by the Supreme

Court.  *See Colbert v. Union Pacific Railroad Co., et. al.*, 485 F. Supp. 2d 1236, 1245 (D. Kan.

2007): "If 'a well-pleaded complaint establishes either that federal law creates the cause of

action or that the plaintiff's right to relief necessarily *depends* on resolution of a substantial

question of federal law,' then it 'arises' under federal law within the meaning of 28 U.S.C. §

1331 . . . The United States Supreme Court has characterized this basis for jurisdiction as a

'special and small category'" (*emphasis added*); *quoting* 28 U.S.C. § 1331; *citing Empire*

*Healthchoice Assurance, Inc. v. McVeigh*, 126 S. Ct. 547 U.S. 677, 690 & 699, 126 S. Ct. 2121,

2131 & 2136, 165 L. Ed. 2d 131, 135 & 149 (2006).

## VI.  THE WELL-PLEADED RULE AND ITS EXCEPTION: COMPLETE PREEMPTION OF STATE JURISDICTION

If a plaintiff has asserted only state law claims in her complaint, this is generally a

defense to removal, even where a federal question preemption is anticipated as a defense or is

raised in a counterclaim. This is called the well-pleaded complaint rule.  A federal question

raised in the counterclaim, answer or petition for removal is not sufficient: "The required federal

right or immunity must be an essential element of the plaintiff's cause of action, and the federal

controversy must be "disclosed upon the face of the complaint, unaided by the answer or by the

petition for removal." *Gully v. First National Bank*, 299 U.S. 109, 113, 57 S. Ct. 96, 98, 81 L.

Ed. 70, 97-98 (1936).  Even where a federal defense is anticipated, almost certain to arise, or

even where both parties concede that it is "the only question at issue," removal generally is not

appropriate if the federal question does not appear on the face of the complaint.  *See Vaden v.*

*Discover Bank*, 129 S. Ct. 1262, 1268, 1270-1278, 173 L. Ed. 2d 206, 214-224 (2009) ("It does

not suffice to show that a federal question lurks somewhere inside the parties' controversy, or

that a defense or counterclaim *would* arise under federal law." (*emphasis added*)); *citing*

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908);

*see also Madsen v. Prudential Fed. S&L Ass'n*, 635 F.2d 797, 801 (10th Cir. 1980); *see also*

*Warner Bros. Records, Inc. v. R. A. Ridges Distributing Co.*, 475 F.2d 262 (10th Cir. 1973); *see*

*also Hunter v. Canadian Pacific Railway Limited*, 2007 U.S. Dist. LEXIS 85110 at *6 (D. Minn.

2007); *see also Caterpillar, Inc. V. Williams*, 482 U.S. 386, 392-93, 107 S. Ct. 2425, 96 L. Ed.

2d 318 (1987); *see also Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.

1982); *see also Seneca Nursing Home v. Kansas State Board of Social Welfare*, 490 F.2d 1324,

1328 (10th Cir. 1974), *cert. denied*, 419 U.S. 841, 95 S. Ct. 72, 42 L. Ed. 2d 69 (1974).

Further, it is not appropriate for this Court to consider all possible permutations and

expansions of this litigation, and whether a federal question *may* be raised at a future point in

time - as Defendants Amtrak and BNSF suggest - in determining proper jurisdiction.  Were it to

do so, a significant number of actions that rightfully fall under the jurisdiction of state courts

would be pushed into federal courts on the basis of sheer speculation.  As the United States

Court of Appeals for the Tenth Circuit explained, "[g]iven the limited scope of federal

jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not

affirmatively apparent on the record."  *Bonadeo v. Lujan, et. al.*, 2009 U.S. Dist. LEXIS 45672 at

*14 (D.N.M. 2009); *quoting Okla. Farm Bureau Mutual Ins. Co. v. JSSJ Corp.*, 149 F. App'x

775, 778 (10th Cir. 2005) (unpublished).  *See also Vaden* at *1276-1277, **222-223, ***35-37

(2009) ("Whether one might imagine a federal-question suit . . . is beside the point.  The relevant

question is whether the whole controversy between the parties- - not just a piece broken off from

that controversy- - is one over which the federal courts would have jurisdiction"; further, unless

prescribed by federal statute, it is not appropriate "for federal courts to dream up counterfactuals

when actual litigation has defined the parties' controversy").

There is one rarely applicable exception to the well-pleaded complaint rule: the complete

preemption.  Under the complete preemption doctrine, remand ceases to be an option where the

claim gives rise to questions of federal law under a federal statute which "'so occupies the field

that any complaint alleging facts that come within the statute's scope necessarily 'arises under'

federal law . . .  It is not just that a preemption defense is present: the claim is completely federal

from the beginning.'" *Hunter* at *6 (D. Minn. 2007); *quoting Hurt v. Dow Chemical*, 963 F.2d

1142, 1144 (8th Cir. 1992); *see also Vaden* at *1273, **219, ***24 (2009) "[a] complaint

purporting to rest on state law, we have recognized, can be recharacterized as one 'arising under'

federal law if the law governing the complaint is *exclusively* federal," thereby making its

removal proper on the basis of federal question jurisdiction. (*emphasis added*)); *citing Beneficial*

*Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003); *also citing* 14B

Wright & Miller § 3722.1, p 511.12.  Complete preemption is a jurisdictional issue, where

Congress intended for a claim to be removable even if the complaint stated only state law claims

- any state law questions are transformed into federal questions.  *See Hunter* at *8.

 In this case, Plaintiff has pleaded only state law claims.  However, Defendants Amtrak

and BNSF claim that Plaintiff's negligence claims against all defendants are preempted by

federal law because federal statutes prescribe minimum safety requirements: "If Plaintiffs have

any claims under the New Mexico wrongful death statute or common law, those claims depend

for their vitality upon the violation of the federal regulations governing track speed, the

adequacy of warning devices at railroad crossings, track inspections and construction standards."

Doc. 1, p. 11.

 Defendants Amtrak and BNSF are referring to the Federal Railroad Safety Act ("FRSA")

which was enacted in 1970 to promote railroad safety.  49 U.S.C. § 20101.  Defendants Amtrak

and BNSF claim that because its train was alleged to have been traveling "at an unreasonable

rate of speed" (<u>Complaint</u> at p. 28), the Plaintiff's state claims fall under federal jurisdiction

because Congress intended to "so occupy the field" of train safety regulation that supplemental

state or local rules regarding train safety are preempted.  Defendants Amtrak and BNSF reason

that because federal statutes set forth minimum safety regulations for railways, such as

regulating the maximum speeds allowed at railroad crossings and the minimum requirements for

other safety considerations, such as signs, that therefore state law is preempted and this case

properly belongs in federal court.  This argument fails for several reasons.

The Supreme Court has interpreted complete federal preemption very narrowly, applying

it to only three federal statutes - the FRSA is not one of these: "The Supreme Court has

recognized complete preemption as to three federal laws: (1) the Employee Retirement Income

Security Act of 1974 ("ERISA"); (2) the Labor Management Relations Act ("LMRA"); and (3)

the National Bank Act."  *Colbert* at *24; *see also US Bank, N.A. v. Mayhew*, 2009 U.S. Dist.

LEXIS 68893 at *13 (D. Colo. 2009); *see also El Paso Natural Gas Co. v. Neztsosie*, 526 U.S.

473, 485, 119 S. Ct. 1430, 1438, 143 L. Ed. 2d 635, 646 (1999) ("We have found complete

preemption to exist under the Labor-Management Relations Act . . . and the Employee

Retirement Income Security Act of 1974" (*citations omitted*); *see also Ben. Nt'l Bank v.

Anderson*, 539 U.S. 1, 10, 123 S. Ct. 2058, 2064, 156 L. Ed. 2d 1, 10 (2003).

The FRSA sets a minimum standard of safety which a state statute cannot contradict.

However, a state *may* impose more restrictive safety standards where "(A) it is necessary to

eliminate or reduce an essentially local safety or security hazard; (B) it is not incompatible with

a law, regulation or order of the United States Government; and (C) does not unreasonably

burden interstate commerce." 49 U.S.C. § 20106(a)(2).  Defendant Amtrak has pointed to no

federal statute that mandates a *minimum* speed of trains at intersections with roadways.  The

FRSA does not prevent states and localities from setting more stringent safety requirements, it

simply sets the minimum.

Defendants Amtrak and BNSF are correct in that this statute *was* originally interpreted by

some courts as preempting state law claims and they cite some of these cases.  However, in

2007, in response to a railroad-related accident that left may injured victims without remedy,

Congress clarified the FRSA and made it clear that state law causes of action are *not* to be

preempted by the FRSA:

> (1) Nothing in this section shall be construed to preempt an
> action under State law seeking damages for personal injury,
> death, or property damage alleging that a party-
>> (A) has failed to comply with the Federal standard of care
>> established by a regulation or order issued by the
>> Secretary of Transportation (with respect to railroad
>> safety matters), or the Secretary of Homeland Security
>> (with respect to railroad security matters), covering the
>> subject matter as provided in subsection (a) of this
>> section;
>> (B) has failed to comply with its own plan, rule, or
>> standard that it created pursuant to a regulation or order
>> issued by either of the Secretaries; or
>> (C) has failed to comply with a State law, regulation, or
>> order that is not incompatible with subsection (a)(2).
> (2) This subsection shall apply to all pending State law causes of
> action arising from events or activities occurring on or after
> January 18, 2002.
> (c) Jurisdiction.--Nothing in this section creates a Federal cause of
> action on behalf of an injured party or confers Federal question
> jurisdiction for such State law causes of action.

49 U.S.C. § 20106(b)-(c).

In passing this legislation Congress "specifically made reference to the jurisdictional

issue of complete preemption . . . [t]hus, Congress has clearly answered the jurisdictional

question of complete preemption - it does not apply here.  However, the railroad can still raise the *affirmative defense* of preemption to the trial court that has jurisdiction over the case." *Hunter* at *15-*16 (*emphasis added*).

Defendants Amtrak and BNSF also cite *CSX Transp., Inc. v. Easterwood* in support of their argument. 507 U.S. 658, 113 S. Ct. 1732, 1742-43 (1993).  In *CRX* the widow plaintiff claimed negligence based on both rate of speed and failure to provide adequate safety devices (such as gates, etc.) at the crossing.   The Supreme Court in *CSX* found that the FRSA preempted those claims of the plaintiff that were based on excessive speed, but did not preempt those claims based on a failure to maintain safety devices at the crossing.  *CSX* was decided before Congress amended the FRSA and clarified that it was *not* intended to preempt state law claims.  *CSX* does not apply here because Congress has since revised and clarified the FRSA, stipulating that it does not preempt state law claims.[4]

From this 2007 clarification by Congress it is clear that the potential applicability of 49 U.S.C. § 20106 to one aspect of a case does not preempt state law claims such that removal is required.  Further, as reasoned in *Hunter*, even if the preemption defense is anticipated, the Supreme Court "has made it perfectly clear that the *defense* of preemption does not suffice to provide federal-question jurisdiction so as to permit removal."  *Hunter* at *17 (*emphasis added*); *citing Metro. Life v. Taylor*, 481 U.S. 58, 66, 107 S. Ct. 1542, 1548, 95 L. Ed. 2d 55, 65 (1987). The Supreme Court has held that "even an 'obvious' pre-emption defense does not, in most cases, create removal jurisdiction."  *Metro. Life v. Taylor* at  1548, ***65, *66; *cited by*

---

[4]  Further, it is notable that in *CRX* the plaintiff originally brought her claim to a U.S. district court, therefore issues of plaintiff's choice of forum, removal and remand were not discussed.

*Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996).  To reiterate, "[c]omplete

preemption is rare, and doubtful cases must be resolved in favor of remand."  *Hunter* at \*17-\*18;

*citing Caterpillar*, 482 U.S. at n.13.

VII.  CONCLUSION

Thus, Defendants Amtrak and BNSF's arguments that this case may not be remanded

because it involves a federal statute that preempts state law claims is incorrect.  In addition, even

if this case involved a substantial federal question, which is not the case, the exercise of

jurisdiction by this Court would be optional.  As stated above, the overwhelming presumption is

in favor of the forum chosen by the Plaintiff, and the jurisdiction of federal courts is intended to

be limited.  Further, to split the claim between courts would be undesirable for purposes of

judicial economy and res judicata.  As stated by the Supreme Court, "[a]llowing parties to

commandeer a federal court to slice off [portions of a controversy] while leaving the remainder

of the parties' controversy pending in state court makes scant sense" and would only serve "to

disturb the state-court proceedings by carving out issues for separate resolution."  *Vaden* at

\*1267 and \*1277, \*\*213 and \*\*223, \*\*\*8 and \*\*\*39.

23

Based on the foregoing, and all the files, records and proceedings herein,  **IT IS**

**ORDERED** that the Plaintiff's Motion to Remand (Doc. 14) is **GRANTED** and this action is

**REMANDED** to the San Miguel County Fourth Judicial District Court, State of New Mexico.

Plaintiff is directed to submit to this Court a motion and supporting documentation for

reimbursement for fees and costs associated with the removal of this case to federal court within

thirty (30) days.


**DATED** this 31st day of March, 2010.

_____

**MARTHA VÁZQUEZ**

**CHIEF UNITED STATES DISTRICT JUDGE**



**Plaintiff**                                                  represented by **David Romero**
**Victoria Stark-Romero**                        Romero Law Firm
*Individually and as Personal Representative*   PO Box 3030
*of the Estate of Fred P. Stark*                    Las Vegas , NM 87701
                                                              (505) 425-7000
                                                              Email: daveromerojr@hotmail.com
                                                              *LEAD ATTORNEY TO BE NOTICED*


                                                              **James F. Scherr**
                                                              Scherr Legate & Ehrlich, PLLC
                                                              109 N Oregon
                                                              12th Floor
                                                              El Paso , TX 79901
                                                              (915) 544-0100
                                                              Fax: 532-1759
                                                              Email: jamesscherr@slelaw.com
                                                              *LEAD ATTORNEY TO BE NOTICED*

**Philip C. Gaddy**
2025 San Pedro NE
Albuquerque , NM 87110
505-254-9090
Fax: 505-254-9366
Email: phil@gaddyfirm.com
*LEAD ATTORNEY TO BE NOTICED*

**Defendant**
**The National Railroad Passenger**
**Company**
*(Amtrak)*

represented by **Alex Cameron Walker**
500 Fourth St NW
Suite 1000
Albuquerque , NM 87102
(505) 848-1861
Fax: (505) 848-1882
Email: awalker@modrall.com
LEAD ATTORNEY TO BE NOTICED

**Earl E. DeBrine , Jr.**
Modrall, Sperling, Roehl, Harris & Sisk, PA
P.O. Box 2168
Albuquerque , NM 87103-2168
505-848-1800
Fax: 505-848-1891
Email: edebrine@modrall.com
*LEAD ATTORNEY TO BE NOTICED*

**Greg L Gambill**
Modrall, Sperling, Roehl, Harris & Sisk, PA
Post Office Box 2168
Albuquerque , NM 87103-2168
(505) 848-1890
Fax: (505) 848-1889
Email: glg@modrall.com
*LEAD ATTORNEY TO BE NOTICED*

**Tim L Fields**
Modrall Sperling Roehl Harris & Sisk PA
PO Box 2168
Albuquerque , NM 87103
Email: tfields@modrall.com
*LEAD ATTORNEY TO BE NOTICED*

**Defendant**
**Burlington Northern Santa Fe Railway**
**Company**
*(BNSF)*

represented by **Alex Cameron Walker**
(See above for address)
*LEAD ATTORNEY TO BE NOTICED*

**Earl E. DeBrine , Jr.**
(See above for address)
*LEAD ATTORNEY TO BE NOTICED*

**Greg L Gambill**
(See above for address)
*LEAD ATTORNEY TO BE NOTICED*

**Tim L Fields**
(See above for address)
*LEAD ATTORNEY TO BE NOTICED*

**Defendant**
**City of Las Vegas**

represented by **Christopher M Grimmer**
Scheuer, Yost & Patterson
PO Drawer 9570
Santa Fe , NM 87504
(505) 982-9911
Fax: 982-1621
Email: cmg@santafelawyers.com
*LEAD ATTORNEY TO BE NOTICED*

**Tony F Ortiz**
Scheuer, Yost & Patterson, P.C.
P. O. Drawer 9570
Santa Fe , NM 87504
(505) 982-9911
Fax: (505) 982-1621
Email: tfo@santafelawyers.com
*LEAD ATTORNEY TO BE NOTICED*

**Defendant**
**San Miguel County**

represented by **Gianna M. Mendoza**
Brennan & Sullivan, P.A.
128 East DeVargas
Santa Fe , NM 87501
(505) 995-8514
Fax: (505) 995-9710
Email: gmmendoza@qwestoffice.net
*LEAD ATTORNEY TO BE NOTICED*

**James P Sullivan**
Brennan & Sullivan, P.A.
128 East DeVargas
Santa Fe , NM 87501
(505) 995-8514
Fax: (505) 995-9710
Email: jpsullivan@qwestoffice.net
*LEAD ATTORNEY TO BE NOTICED*

**Defendant**
**New Mexico Department of**
**Transportation**

represented by **Germaine R Chappelle**
P.O. Box 1149
Santa Fe , NM 87504-1149
(505) 827-5431
Email: Germaine.chappelle@state.nm.us
*LEAD ATTORNEY TO BE NOTICED*

**Jerry A. Walz**
Walz and Associates
12009 N. Hwy. 14
Cedar Crest , NM 87008
505-281-3414
Fax: 505-286-8171
Email: jerryawalz@walzandassociates.com
*LEAD ATTORNEY TO BE NOTICED*

**Defendant**
**Ride to Pride at the Barn, L.L.C.**

represented by **Jack N Hardwick**
Sommer Udall Hardwick Ahern & Hyatt,
LLP
PO Box 1984
Santa Fe , NM 87504-1984
505-982-4676
Fax: 505-988-7029
Email: jhardwick@SommerUdall.com
*LEAD ATTORNEY TO BE NOTICED*


**ThirdParty Defendant**
Geico General Insurance Company
TERMINATED: 07/24/2009

represented by **Stephen Simone**
Simone, Roberts & Weiss
11200 Lomas Blvd NE
#210
Albuquerque , NM 87112
Email: ssimone@srw-law.com
*LEAD ATTORNEY TO BE NOTICED*


**Third Party Plaintiff**
**The National Railroad Passenger**
**Company**
*(Amtrak)*

**Third Party Plaintiff**
**Burlington Northern Santa Fe Railway**
**Company**
*(BNSF)*

**Counter Claimant**
**The National Railroad Passenger**
**Company**
*(Amtrak)*

**Counter Claimant**
**Burlington Northern Santa Fe Railway**
**Company**
*(BNSF)*

V.
**Counter Defendant**
**Victoria Stark-Romero**

28